OPINION
{¶ 1} Appellant, Mr. Michael Lowery ("Mr. Lowery"), appeals from the February 21, 2006 judgment entry of the Trumbull County Court of Common Pleas, which sentenced him for one count of breaking and entering and one count of safecracking. For the following reasons, we affirm.
 {¶ 2} Substantive and Procedural History
 {¶ 3} On October 24, 2006, Mr. Lowery entered and the court accepted a plea of guilty to a bill of information, which charged him with one count of breaking and *Page 2 
entering, a felony of the fifth degree in violation of R.C. 2911.13(A) and (C), and one count of safecracking, a felony of the fourth degree, in violation of R.C. 2911.31 (A). The matter was then set for sentencing on December 19, 2006, and a presentence investigation was ordered.
 {¶ 4} However, on December 19, 2006, Mr. Lowery failed to appear for sentencing. The court issued a capias for his arrest and ultimately a sentencing hearing was held on February 6, 2007. At the sentencing hearing, Mr. Lowery was sentenced to concurrently serve a ten month term of imprisonment for each count; was given credit for all time properly served while awaiting disposition; was ordered to submit a DNA sample pursuant to R.C. 2901.07; was advised that he is subject to an optional three year period of post-release control; and, was ordered to pay $100 in restitution and costs.
 {¶ 5} Defense counsel consented to preparation of the sentencing order by the state, and on February 21, 2006, a judgment entry on the sentence was filed, which set forth the sentence given at the hearing, and contained a paragraph in which the court disapproved of Mr. Lowery's placement in a program of shock incarceration pursuant to R.C. 5120.031
or placement in an intensive prison program pursuant to R.C. 5120.032.
 {¶ 6} Mr. Lowery timely appeals and raises the following assignment of error:
 {¶ 7} "[1.] The trial court committed reversible error by including in the sentencing entry a sentencing term not expressed at the time of appellant's sentencing in the presence of the appellant."
 {¶ 8} Disapproval of Shock Incarceration or Intensive PrisonProgram *Page 3 
 {¶ 9} In his sole assignment of error, Mr. Lowery contends that the court was constitutionally required to articulate all of the sentencing terms that were included in the sentencing entry at the time of the sentencing hearing. Since the court failed to inform Mr. Lowery that the court would not approve placement in a shock incarceration or intensive prison program during the sentencing hearing, yet included its disapproval for the placement of Mr. Lowery into such programs in its judgment entry, Mr. Lowery argues the court committed reversible error. We find this contention to be without merit.
 {¶ 10} R.C. 2929.14(K) contains no requirement that the court address a defendant during the sentencing hearing in regard to its recommendation of approval or disapproval for either placement in a shock incarceration program or an intensive prison program. Indeed, the court is not even required to make a recommendation at all. Further, the failure of the trial court to make such an assessment is harmless error and does not prejudice the defendant. State v. McDargh (Nov. 2, 2001), 2d Dist. No. 2000-CA-94, 2001 Ohio App. LEXIS 4849, 15.
 {¶ 11} Pursuant to R.C. 2929.19(D):
 {¶ 12} "The sentencing court * * * may recommend placement of the offender in a program of shock incarceration under section 5120.031 of the Revised Code or an intensive program prison under section 5120.032
of the Revised Code, disapprove placement of the offender in a program or prison of that nature, or make no recommendation. If the courtrecommends or disapproves placement, it shall make a finding that givesits reasons for its recommendation or disapproval." (Emphasis added.) *Page 4 
 {¶ 13} Accordingly, the court made a recommendation of disapproval and included this determination in the sentencing judgment entry of February 21, 2006, stating: "The Court further disapproves of the Defendant's placement in a program of shock incarceration pursuant to R.C. 5120.031
or for placement in an intensive prison program pursuant to R.C. 5120.032."
 {¶ 14} There is no requirement in R.C. 5120.031 or R.C. 5120.032 for the court to address its approval or disapproval at the sentencing hearing, or to even make a recommendation at all. Rather, the court's recommendation serves as a vehicle for the Department of Rehabilitation and Correction, who evaluates the offender for eligibility when the sentencing court does not make a recommendation. Upon determining an offender is eligible, the department is required to notify the court at least three weeks prior to permitting the offender to serve such a sentence. The court then has ten days to respond from the date of notice to disapprove the sentence, and in the event there is no timely response from the sentencing court, the eligible offender may begin serving the sentence. R.C. 2929.14(K).
 {¶ 15} Moreover, the fact that the court found Mr. Lowery is not amenable to shock incarceration or in an intensive prison program is no surprise since during the sentencing hearing the court addressed Mr. Lowery stating: "All right. Mr. Lowery, you have an extensive criminal history, continuous criminal activity. You were on post-release control previously and negatively terminated. You have six prior times on probation. You committed an offense in Niles court five days after release. You are not amenable to any type of community control sanctions." The court then sentenced Mr. Lowery to two concurrent ten month terms of imprisonment, with credit for time served; *Page 5 
was ordered to submit a DNA sample pursuant to R.C. 2901.07; was advised that he is subject to an optional three year period of post-release control; and, was ordered to pay $100 in restitution and costs.
 {¶ 16} Thus, the transcript read as a whole establishes the court's specific reasons for disapproving Mr. Lowery for shock incarceration or an intensive prison program and is sufficient to meet the requirements of R.C. 2929.19(D), which contains no requirement to orally inform a defendant of its recommendation, if it is indeed issuing one, at the sentencing hearing. Thus, the court's failure to inform Mr. Lowery of its disapproval is harmless error at best and clearly did not prejudice Mr. Lowery.
 {¶ 17} In State v. Jackson, 5th Dist. Nos. 05 CA 46 and 05 CA 47,2006-Ohio-3994, the Fifth District Court of Appeals reached a similar conclusion after noting that the appellant provided no case law to support his proposition that the court must make a finding denying such a program at the sentencing hearing in order be valid. The court determined that "[i]n the case sub judice, during the sentencing hearing, the trial court noted that Appellant has previously served a prison term and that Appellant has a history of criminal convictions. The judge also expressed his view that the shortest prison term would demean the seriousness of Appellant's conduct. We thus find the record in this case, viewed in its entirety, provides sufficient reasons to support the court's denial of an intensive prison program, even if such reasons were also applicable to other sentencing requirements under R.C. chapter 2929." Id. at ¶ 14-15.
 {¶ 18} We find this reasoning persuasive and determine that in this case the court made sufficient findings on the record as a basis for its recommendation of disapproval of Mr. Lowery's placement in a shock incarceration or an intensive prison *Page 6 
program. Although the court did not inform Mr. Lowery of such disapproval at the sentencing hearing, Mr. Lowery has suffered no prejudice from this harmless error.
 {¶ 19} Mr. Lowery's assignment of error is without merit.
 {¶ 20} The judgment of the Trumbull Court of Common Pleas is affirmed.
 TIMOTHY P. CANNON, J., concurs, COLLEEN MARY OTOOLE, J., dissents. *Page 1