OPINION
{¶ 1} Appellant, Todd M. Heiger, appeals from the October 23, 2007 judgment entry of the Perry County Court of Common Pleas, which sentenced him for one count of Aggravated Possession of Drugs in violation of Revised Code 2925.11(A) and (C)(1)(b), a felony of the third degree . The plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE[1] {¶ 2} On May 30, 2007, the grand jury returned a two-count indictment against appellant. The first count was for Aggravated Possession of Drugs in violation of Revised Code 2925.11(A) and (C) (1) (b), a felony of the third degree. The second count was for Aggravated Possession of Drugs in violation of Revised Code 2925.11(A) and (C) (1) (a), a felony of the fifth degree. Each count contained a forfeiture specification.
 {¶ 3} On October 16, 2007, prior to a change of plea hearing, appellant signed a document titled "Plea of Guilty." Within the "Plea of Guilty" document was a recitation of the plea offer that included the following wording: "Further, the Defendant shall not be permitted to be entered in the IPP program (Intensive Program Prison)." Pursuant to the plea agreement, appellant entered a guilty plea to the first count of the indictment. As part of the plea agreement, a Nolle Prosqui was entered to the second count of the indictment. At the plea hearing, appellant waived a presentence investigation report and was sentenced to two years in a state penal institution, fined $1,000.00 and his drivers license was suspended for six months. Pursuant to the plea agreement, the sentence *Page 3 
was ordered to be served consecutive to the sentence imposed in case number 07-CR-0001.
 {¶ 4} The plea and sentencing hearing were memorialized in a Termination Judgment Entry filed on October 23, 2007.
 {¶ 5} Appellant did not timely appeal. However, on March 17, 2008 this court granted appellant's motion to file a delayed appeal. Appellant has raised the following three assignments of error:
 {¶ 6} "I. THE TRIAL COURT ERRED AT THE PLEA OF GUILTY HEARING WHEN IT DID NOT MAKE CERTAIN THE GUILTY PLEA TAKEN FROM APPELLANT WERE DONE ON A KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MANNER IN THAT THE TRIAL COURT DID NOT ADVISE APPELLANT THAT HE WAS INELIGIBLE FOR INTENSIVE PROGRAM PRISONS, TRANSITIONAL CONTROL, SHOCK INCARCERATION.
 {¶ 7} "II. APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL DID NOT INFORM OR ADVISE APPELLANT THAT HE WILL NOT BE ELIGIBLE FOR INTENSIVE PROGRAM PRISONS, TRANSITIONAL CONTROL, AND SHOCK INCARCERATION PRIOR TO THE TRIAL COURT'S ACCEPTENCE [sic] OF APPELLANT'S GUILTY PLEA AND SIGNING THE TERMINATION JUDGMENT ENTRY KNOWING THE INACCURATENESS BETWEEN THE JUDGMENT ENTRY AND WHAT THE TRIAL COURT ADVISED AND INFORMED APPELLANT AT THE PLEA OF GUILTY AND SENTENCING HEARINGS, THUS NOT GIVING APPELLANT THE OPPORTUNITY TO WITHDRAW HIS GUILTY PLEA. *Page 4 
 {¶ 8} "III. THE TRIAL COURT ERRED WHEN A FINE WAS IMPOSED ON APPELLANT IN THAT THE COURT FAILED TO INQUIRE INTO THE APPELLANT'S PRESENT FINANCIAL STATUS, INCLUDING BUT NOT LIMITED TO, HIS PRESENT EARNING CAPACITY, AND FAILED TO INQUIRE INTO THE APPELLANT'S FUTURE ANTICIPATED EARNING CAPACITY."
 I. II. {¶ 9} In his first assignment of error, appellant maintains that his plea of guilty was not knowing, intelligent and voluntarily made. In his second assignment of error, appellant argues that he was denied effective assistance of counsel. Because we find the issues raised in appellant's first and second assignments of error are closely related, for ease of discussion, we shall address the assignments of error together.
 {¶ 10} The entry of a plea of guilty is a grave decision by an accused to dispense with a trial and allow the state to obtain a conviction without following the otherwise difficult process of proving his guilt beyond a reasonable doubt. See Machibroda v. United States (1962),368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473. A plea of guilty constitutes a complete admission of guilt. Crim. R. 11 (B) (1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." United v. Broce (1989), 488 U.S. 563, 570, 109 S.Ct. 757, 762.
 {¶ 11} A trial court's obligations in accepting a plea depend upon the level of offense to which the defendant is pleading. State v.Watkins, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 25. Before accepting a guilty plea in a felony case, a "trial court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, *Page 5 
his right to jury trial, his right to confront his accusers, and his right of compulsory process of witnesses." State v. Ballard (1981),66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115, paragraph one of the syllabus. In addition to these constitutional rights, the trial court is required to determine that the defendant understands the nature of the charge, the maximum penalty involved, and the effect of the plea. Crim. R. 11(C) (2) (a) and (b).
 {¶ 12} As the Supreme Court summarized and explained inWatkins, "[i]n all cases, the judge must inform the defendant of the effect of his plea. In felony cases and misdemeanor cases involving serious offenses, a judge must also `addres[s] the defendant personally' and `determin[e] that the defendant is making the plea voluntarily.'"99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 26, quoting Crim. R. 11(C) (2) (a).
 {¶ 13} Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim. R. 11(C). State v.Ballard, 66 Ohio St.2d at 475, 20 O.O.3d at 398, 423 N.E.2d at 117, citing State v. Stewart (1977), 51 Ohio St.2d 86, 5 O.O.3d 52,364 N.E.2d 1163. In State v. Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415,814 N.E.2d 51, ¶ 12, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim. R. 11:
 {¶ 14} "Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non-constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. [State v. Nero (1990), *Page 6 56 Ohio St.3d 106,] 108, 564 N.E.2d 474. The test for prejudice is `whether the plea would have otherwise been made.' Id. Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]." See, State v. Sarkozy,117 Ohio St.3d 86, 2008-Ohio-509 at ¶ 19-20.
 {¶ 15} In Hill v. Lockhart (1985), 474 U.S., 106 S.Ct. 366, the Court noted "[w]here, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice `was within the range of competence demanded of attorneys in criminal cases.'McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449,25 L.Ed.2d 763 (1970). As we explained in Tollett v. Henderson, 411 U.S. 258,93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), a defendant who pleads guilty upon the advice of counsel `may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann' Id., at 267, 93 S.Ct., at 1608." Id. at 56-57, 106 S.Ct. at 369; State v.McReynolds, 5th Dist. No. 2004-CA-00023, 2005-Ohio-37
at ¶ 17.
 {¶ 16} The Court in Hill, supra, held that the two-part Strickland v.Washington (1984), 466 U.S. 68, 104 S.Ct. 2052 test applies to challenges to guilty pleas based on ineffective assistance of counsel.474 U.S. at 58, 106 S.Ct. 366. The first inquiry in whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v.Fretwell (1993), 506 U.S. 364, 113 S.Ct. 838, *Page 7 122 L.Ed.2d 180; Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136. In other words "in order to satisfy the `prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, supra, 474 U.S. at 59,106 S.Ct. at 370. However, a different outcome at the plea stage but for counsel's errors is constitutionally insignificant if the ultimate result that was reached was neither unfair nor unreliable. Lockhart v.Fretwell (1993), 506 U.S. 364, 369, 113 S.Ct. 838, 842.
 {¶ 17} In the case at bar, appellant maintains that because he was not orally informed by the trial court that the court would not recommend him for intensive program prison ["IPP"], transitional control and/or shock incarceration his guilty plea was invalid. In his second assignment of error, appellant maintains that his trial counsel was ineffective because he signed the trial court's "Termination Judgment Entry" which included the language denying appellant's admission to the IPP.
 {¶ 18} At this point, we would note that appellant did not attempt to withdraw his guilty plea at the trial court level. Nor did appellant request the trial court discharge his court appointed attorney and substitute new counsel. Accordingly, we have little in the way of evidence as to appellant's contentions that he received ineffective assistance of counsel or that his plea was not knowing, intelligent or voluntarily given. McReynolds, supra at ¶ 19.
 {¶ 19} R.C. 2929.14(K) contains no requirement that the court address a defendant during the sentencing hearing concerning its recommendation of approval or disapproval for either placement in a shock incarceration program or an intensive prison *Page 8 
program. Indeed, the court is not even required to make a recommendation at all. Further, the failure of the trial court to make such an assessment is harmless error and does not prejudice the defendant.State v. Lowery, 11th Dist. No. 2007-T-0039,2007-Ohio-6734 at ¶ 10. (Citing State v. McDargh (Nov. 2, 2001), 2nd Dist. No. 2000-CA-94).
 {¶ 20} Pursuant to R.C. 2929.19(D):
 {¶ 21} "The sentencing court * * * may recommend placement of the offender in a program of shock incarceration under section 5120.031 of the Revised Code or an intensive program prison under section 5120.032
of the Revised Code, disapprove placement of the offender in a program or prison of that nature, or make no recommendation. If the courtrecommends or disapproves placement, it shall make a finding that givesits reasons for its recommendation or disapproval." (Emphasis added.)
 {¶ 22} "There is no requirement in R.C. 5120.031 or R.C. 5120.032 for the court to address its approval or disapproval at the sentencing hearing, or to even make a recommendation at all. Rather, the court's recommendation serves as a vehicle for the Department of Rehabilitation and Correction, who evaluates the offender for eligibility when the sentencing court does not make a recommendation. Upon determining an offender is eligible, the department is required to notify the court at least three weeks prior to permitting the offender to serve such a sentence. The court then has ten days to respond from the date of notice to disapprove the sentence, and in the event there is no timely response from the sentencing court, the eligible offender may begin serving the sentence. R.C. 2929.14(K)". State v. Lowery, supra at ¶ 14.
 {¶ 23} "The United States Supreme Court has stated that a convicted person has no constitutional right to be conditionally released prior to the expiration of a valid *Page 9 
sentence." Velasquez v. Ghee (1996), 108 Ohio App.3d 409, 411, citingGreenholtz v. Inmates of the Nebraska Penal and CorrectionalComplex (1979), 442 U.S. 1, 7. Likewise, "Ohio law gives a convicted person no legitimate claim of entitlement to parole prior to the expiration of a valid sentence of imprisonment. Inmates of OrientCorrectional Inst. v. Ohio State Adult Parole Auth. (C.A.6, 1991),929 F.2d 233, 235." State ex rel. Seikbert v. Wilkinson (1994),69 Ohio St.3d 489, 490, 633 N.E.2d 1128, 1130.
 {¶ 24} Accordingly, because the relevant sections that create and define the IPP eligibility requirements do not create a constitutionally protected liberty interest, the trial court need only "substantially comply" with Crim. R. 11. See, Burke v. Smith, (SD OH, Sept. 26, 2008), No. 2:07-cv-665, 2008 WL 4448996; Swank v. Taft, (SD OH, Oct. 4, 2001), No. C2-00-981, 2001 WL 1681143.
 {¶ 25} In the case at bar, the relevant portions of the plea agreement are as follows:
 {¶ 26} "No promises have been made except as part of this plea agreement stated entirely as follows:
 {¶ 27} "The State will recommend that I receive a sentence of two (2) years in a State Penal Institution, said period of incarceration shall be served and run consecutive with the sentence imposed in Case No. 07CR-0001 on the docket of this Court, I will be fined the minimum fine and my driver's license will be suspended for a period of six (6) months. Further, the State will not oppose judicial release after [18] months provided that I am placed on Community Control for a period of five (5) years under the standard terms of Community Control of this Court. Further, I agree that the property listed in the *Page 10 
forfeiture specification will be forfeited to the Perry County Sheriff's Office. Further, the Defendant shall not be permitted to be entered inthe IPP program (Intensive Program Prison)." (Plea of Guilty, filed October 16, 2007 at 4). Both the appellant and his attorney signed this entry on October 16, 2007. (Id. at 5).
 {¶ 28} Additionally, the trial judge inquired of the appellant prior to accepting his change of pleas as follows:
 {¶ 29} "THE COURT: It's my understanding you wish to — it's my understanding you wish to withdraw your former plea of not guilty to the crimes for which you stand charged, you discussed this matter with your attorney, you're satisfied with his advice and representation of you. Is that correct?
 {¶ 30} "THE DEFENDANT: Yes, sir.
 {¶ 31} "* * *
 {¶ 32} "THE COURT: It's my understanding you reviewed this [plea of guilty] form with [your attorney]. Is this your signature affixed at the end of the form dated 10/16/07?
 {¶ 33} "THE DEFENDANT: Yes, sir."
 {¶ 34} (T., Oct. 16, 2007 at 5; 7)
 {¶ 35} The record, when read as a whole establishes the court's specific reasons for disapproving appellant for shock incarceration or an intensive prison program and is sufficient to meet the requirements of R.C. 2929.19(D), which contains no requirement to orally inform a defendant of its recommendation, if it is indeed issuing one, at the sentencing hearing. State v. Jackson, 5th Dist. Nos. 05 CA 46, 05 CA 47, 2006-Ohio-3994 at ¶ 13; State v. Lowery, supra at ¶ 16. It is clear that the jointly recommended *Page 11 
sentence in appellant's case was two years. Only after appellant served eighteen months did the trial court agree to consider appellant's early release.
 {¶ 36} Although the court did not orally inform appellant the time of sentencing concerning its recommendation of approval or disapproval for either placement in a shock incarceration program or an intensive prison program, the plea agreement contained explicit language excluding appellant from the IPP. The failure of the trial court to orally inform him was harmless error and did not prejudice the appellant.
 {¶ 37} Because appellant in this case failed to allege the kind of "prejudice" necessary to satisfy the second half of the Strickland v.Washington test, the appellant has not shown that the ultimate result that was reached was either unfair or unreliable.
 {¶ 38} Accordingly, appellant's first and second assignments of error are denied.
 III. {¶ 39} In his third assignment of error appellant argues that the trial court erred or abused its discretion by imposing a fine without first determining appellant's ability to pay. We disagree.
 {¶ 40} In the case at bar, the trial court was required to impose a mandatory fine pursuant to R.C. 2925.11(E) (1) (a). Appellant did not file an affidavit of indigency to seek a waiver of that fine as required by R.C. 2929.18(B) (1). Accordingly, this issue is waived.
 {¶ 41} According to the Supreme Court of Ohio, the statutes providing for mandatory fines "clearly require imposition of a mandatory fine unless (1) the offender's affidavit is filed prior to sentencing, and (2) the trial court finds that the offender is an indigent person and is unable to pay the mandatory fines." State v. Gipson (1998), *Page 12 80 Ohio St.3d 626, 634, 687 N.E.2d 750. The trial court need not, however, make an "affirmative finding that an offender is able to pay a mandatory fine." (Emphasis sic.) Id. at 635, 687 N.E.2d 750. Instead, "the burden is upon the offender to affirmatively demonstrate that he or she is indigent and is unable to pay the mandatory fine." (Emphasis sic.) Id.
 {¶ 42} There is a lack of evidence in the record before us to show an inability to pay the mandatory fines. At his arraignment, appellant indicted to the trial court that he would retain an attorney to represent him during the course of the proceedings. (Arraignment Entry, filed June 6, 2007). Appellant never filed an affidavit of indigence or otherwise objected to the imposition of the mandatory fine in the trial court.
 {¶ 43} On consideration of the foregoing, we find that the record does not establish a reasonable probability that the appellant would have been found indigent at sentencing. Nor did the trial court err or abuse its direction by not determining appellant's ability to pay the mandatory fine.
 {¶ 44} Appellant's third assignment of error is overruled. *Page 13 
 {¶ 45} The judgment of the Perry County Court of Common Pleas is affirmed.
By: Gwin, J., Farmer, P.J., and Wise, J., concur. *Page 14 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Perry County Court of Common Pleas is affirmed. Costs to appellant.
[1] A Statement of the Facts underlying appellant's conviction is unnecessary to our disposition of this appeal. Any facts needed to clarify the issues addressed in appellant's assignments of error shall be contained therein. *Page 1