[Cite as *State v. Turner*, 2016-Ohio-3325.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### Nos. 103610 and 103611

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## HEATH CLAY TURNER

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-14-586796-B and CR-14-586935-A

**BEFORE:** E.T. Gallagher, J., Keough, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** June 9, 2016

**ATTORNEY FOR APPELLANT**

Paul A. Mancino
Mancino Mancino & Mancino
75 Public Square Building
Suite 1016
Cleveland, Ohio 44113-2098


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   John D. Kirkland
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

**{¶1}** Defendant-appellant, Heath Clay Turner ("Turner"), appeals his guilty pleas and sentences in two cases. He raises the following three assignments of error:

1. The defendant was denied due process of law when the court overruled defendant's motion to withdraw his pleas of guilty.

2. The defendant was denied due process of law when the court did not inform the defendant that the firearm specifications would have to be served consecutively to one another.

3. The defendant was denied due process of law when the court disapproved defendant's placement into an intense prison program.

**{¶2}** We find no merit to the appeal and affirm the trial court's judgment.

## I. Facts and Procedural History

**{¶3}** In Cuyahoga C.P. No. CR-14-586796-B, Turner was charged with four counts of aggravated burglary, one count of attempted murder, seven counts of felonious assault, 15 counts of aggravated robbery, 14 counts of kidnapping, two counts of illegal possession of a firearm in a liquor permit premises, and three counts of having a weapon while under disability. In Cuyahoga C.P. No. CR-14-586935-A, Turner was charged with one count of theft and one count of unauthorized use of a vehicle.

**{¶4}** The charges in Case No. CR-14-586796-B arose from a series of armed robberies in bars and restaurants in Parma and Independence, Ohio. A patron at one of the bars was shot in the back, and other victims were "pistol whipped." Turner was named in the indictment along with codefendants Cortique Higgins ("Higgins"),

Diamante Collins, and Lee Adams II. Higgins was the alleged gunman in the crime spree.

{¶5} Pursuant to a plea agreement, the state agreed to nolle all but seven counts and all three-year firearm specifications in exchange for Turner's truthful testimony against his codefendants. Accordingly, Turner pleaded guilty to one count of aggravated burglary, three counts of kidnapping, two counts of aggravated robbery, and one count of felonious assault. Turner also pleaded guilty to the attendant forfeiture specifications and three one-year firearm specifications. In Case No. CR-14-586935-A, Turner pleaded guilty to both counts charged in the indictment.

{¶6} Prior to sentencing, Turner moved to withdraw his guilty plea, and the court held a hearing on the motion. Turner's lawyer advised the court that Turner mistakenly believed he would be sentenced to a four-year prison term when he entered his plea. However, counsel conceded the court never suggested Turner would receive a four-year sentence.

{¶7} The court, prosecutor, and defense counsel reviewed the transcript from the plea hearing to determine if there was any basis for Turner's purported confusion regarding his potential sentence. The prosecutor read the following language from page ten of the transcript:

> And do you further understand that there's been a sentence of eight years discussed in this matter? That is not a promise. I am free at any time to disregard that recommendation.
>
> Do you understand that?

THE DEFENDANT: Yes, sir.

(Tr. 10, 31.)

{¶8} Upon further questioning, defense counsel explained that Turner had been in the county jail for 15 months and none of this time could be applied to any possible judicial release. Turner was fearful of Higgins, who was also in the county jail and had twice threatened Turner with retaliation for snitching. Counsel also asserted Turner would be known as a snitch when he is later incarcerated at the Lorain correctional facility.

{¶9} The court afforded Turner an opportunity to speak at the hearing. He explained: "I don't want to be around the man who has threatened me." Referring to his codefendants, Turner further stated:

> Here's the thing. I need them to go down before me so I can be — so they can go down, that way when I go down, I can tell them who I'm separated from and they will — they will make the separation.

Neither Turner nor counsel made any further argument regarding any claimed confusion or misunderstandings at the time Turner entered his guilty pleas.

{¶10} The trial court denied Turner's motion to withdraw his guilty plea. The court sentenced Turner to five years on each of the predicate offenses in Case No. CR-14-586796-B, and one year on each of three firearm specifications to be served consecutively for an aggregate eight-year prison term. In Case No. CR-14-586935-A, the court sentenced Turner to 12 months in prison to be served concurrently with his eight-year sentence in Case No. CR-14-586796-B. Turner now appeals the trial court's judgment.

## II. Law and Analysis

## A. Guilty Plea

{¶11} In the first assignment of error, Turner argues the trial court violated his right to due process of law when it overruled his motion to withdraw his guilty pleas. He contends his pleas should be vacated because there were "irregularities" at the plea hearing that created a "manifest injustice."

{¶12} Crim.R. 32.1 governs motions to withdraw guilty pleas and states that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶13} "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). However, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. *Id.* at paragraph one of the syllabus. Indeed, a mere change of heart is not a sufficient justification for vacating a guilty plea. *State v. Bloom*, 8th Dist. Cuyahoga No. 97535, 2012-Ohio-3805, ¶ 13. Before ruling on a motion to withdraw a guilty plea, "the trial court must conduct a hearing to determine whether there is a reasonable legitimate basis for the withdrawal of the plea." *Id.*

{¶14} The decision to grant or deny a presentence motion to withdraw is within the trial court's discretion. *Id.* at paragraph two of the syllabus. We, therefore, will not disturb the trial court's judgment absent an abuse of discretion. *Id.* at 527.

{¶15} A trial court does not abuse its discretion in denying a motion to withdraw the plea where a defendant was (1) represented by competent counsel, (2) given a full Crim.R. 11 hearing before he entered a plea, (3) given a complete hearing on the motion to withdraw, and (4) the record reflects that the court gave full and fair consideration to the plea withdrawal request. *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus.

{¶16} Before accepting a guilty plea, Crim.R. 11(C)(2)(a)-(c) requires that the trial court personally address the defendant and

> (1) determin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing[,]
>
> (2) [i]nform[ ] the defendant of and determin[e] that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence[;] [and]
>
> (3) [i]nform the defendant and determin[e] that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶17} When a trial court engages in a plea colloquy with the defendant, it must strictly comply with Crim.R. 11(C)(2)(c), which sets forth the constitutional rights a guilty plea waives. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. Thus, the trial court must explain to the defendant that by pleading guilty, he

waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. *Veney* at syllabus.

{¶18} The trial court held a hearing and gave full and fair consideration to his motion to withdrawal his guilty pleas. Moreover, the record reflects the court engaged in a thorough Crim.R. 11 colloquy with Turner. The court informed Turner, and determined he understood, that he was waiving his constitutional rights to a jury trial, to confront the witnesses against him, to call witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt. He also understood that no one could compel him to testify against himself and that no one could comment on his decision to remain silent.

{¶19} As previously stated, the court made clear that it was not bound by the agreed eight-year sentence that was part of Turner's plea agreement with the state. The court individually described each count to which Turner was pleading guilty and identified its felony level. In explaining the potential penalties that could be imposed by virtue of his guilty pleas, the court stated:

> THE COURT: All right. Going over potential penalties right here. Most of these are felonies of the first degree. Felonies of the first degree carry a potential prison sentence of three to 11 years in yearly increments and a fine of no more than $20,000.
>
> A felony of the second degree, which is Count 26, two to eight years in state prison in yearly increments and a fine of no more than $15,000.

* * *

Do you understand that?

THE DEFENDANT: Yes, sir.

{¶20} Further, the court informed Turner that he would be required to serve any firearm specifications prior to and consecutive to any sentence imposed on a predicate offense. (Tr. 11.) The court also explained (1) the mandatory nature of postrelease control and the consequences of violating postrelease control, (2) that Turner's guilty pleas would result in forfeiture of certain property, (3) the court could hold him responsible for court costs and supervision fees, and (4) he would have to pay restitution to the victims. Thus, the record reflects the court fully advised Turner of all the constitutional and procedural protections set forth in Crim.R. 11(C). There were no "irregularities" nor "manifest injustice" in either the plea proceedings or the court's decision to deny Turner's plea withdrawal request.

{¶21} Therefore, the first assignment of error is overruled.

## B. Firearm Specifications

{¶22} In the second assignment of error, Turner argues the court violated his right to due process of law by failing to inform him that he would have to serve the prison terms on the firearms specifications consecutively. Turner concedes the court advised him in the plea colloquy that a one-year firearm specification "must be served prior to and consecutive to any sentence given," but claims he was unaware that the court could run

each of the one-year prison terms on the firearm specifications consecutive to one another.

{¶23} In *State v. Johnson*, 40 Ohio St.3d 130, 134, 532 N.E.2d 1295 (1988), the Ohio Supreme Court held that, "[f]ailure to inform a defendant who pled guilty to more than one offense that the court may order him to serve any sentences it imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11(C)(2), and does not render the plea involuntary."

{¶24} Turner, however, cites *State v. Petitto*, 8th Dist. Cuyahoga No. 95276, 2011-Ohio-2391, in support of his argument. In *Petitto,* the court failed to explain that sentences on each offense could be served consecutively. However, that was not the basis for this court's reversal of the trial court's judgment. Rather, this court concluded that

> under the totality of the circumstances, the appellant could not have subjectively understood the implications of his plea because the trial court's ambiguous reference to a potential "prison term of anywhere from one to five years" failed to convey to him that the potential maximum prison term for each offense was five years. The prejudice to appellant is obvious from the record. A plain reading of the trial court's language would lead one to believe that the maximum penalty he faced was 5 years, cumulatively. The trial court was not required to inform appellant that the individual penalties for his offenses could be served consecutively. However, we hold that a trial court errs when it fails to inform the defendant of the maximum penalty for each offense and uses misleading language in connection with multiple offenses that ambiguously refers to a single maximum penalty.

*Id*. at ¶ 13.

{¶25} As previously stated, the trial court in this case reviewed each count individually and explained the potential range of penalties applicable to each count. The

trial court also acknowledged that because the plea agreement required an aggregate eight-year prison term, it would run all prison terms concurrently. However, the court warned that if Turner did "something stupid," the court could order consecutive sentences. Under the totality of these circumstances, we find that the trial court's failure to specifically state that prison terms on the firearm specifications could run consecutively did not render Turner's plea involuntary.

{¶26} Accordingly, the second assignment of error is overruled.

### C. Intense Prison Program

{¶27} In the third assignment of error, Turner argues the trial court violated his right to due process of law when it arbitrarily disapproved of placing him in an intensive prison program ("IPP").

{¶28} IPPs focus on "'educational achievement, vocational training, alcohol and other drug abuse treatment, community service and conservation work, and other intensive regimens or combinations of intensive regimens.'" *State v. Howard*, 190 Ohio App.3d 734, 2010-Ohio-5283, 944 N.E.2d 258, ¶ 10 (2d Dist.), quoting R.C. 5120.032. Trial courts have discretion to recommend placement of an offender into an IPP pursuant to R.C. 5120.032.

{¶29} However, only eligible prisoners may participate in an IPP, and R.C. 5120.032(B)(2)(a) specifically excludes individuals serving prison terms for first- and second-degree felonies from participating in an IPP. R.C. 5120.032(B)(2)(c) also

excludes offenders serving prison terms for third-, fourth-, and fifth-degree felonies "in which the prisoner caused or attempted to cause actual physical harm to a person."

**{¶30}** If the court recommends or disapproves of placement in an IPP, R.C. 2929.19(D) requires that the court "make a finding that gives its reasons for its recommendation or disapproval." Turner argues the trial court violated R.C. 2929.19(D) by arbitrarily disapproving of his placement in IPP without explanation. He relies on *Howard*, *supra*, in support of his argument.

**{¶31}** In *Howard*, the defendant argued the trial court erred by disapproving shock incarceration, IPP, and transitional control as part of his sentence following termination of his community control sanctions. The trial court did not address IPP, shock incarceration, or transitional control at the sentencing hearing, but rejected the defendant's potential participation in those programs in a subsequently filed termination entry. On appeal, the court reversed the trial court's judgment, in part, because the trial court failed to give its reasons for its disapproval as required by R.C. 2929.19(D). *Id*. at ¶ 39.

**{¶32}** However, the *Howard* court further held that where a trial court fails to orally mention IPP at the sentencing hearing, the reviewing court may review the entire record and sentencing transcript for "implied reasons for disapproval." *Id*. at ¶ 29-32, citing *State v. Heger*, 5th Dist. Perry No. 2008-CA-1, 2009-Ohio-2691, and *State v. Lowery*, 11th Dist. Trumbull No. 2007-T-0039, 2007-Ohio-6734.

**{¶33}** Howard was convicted of one count of abduction. The court observed that Howard's abduction conviction did not necessarily make him ineligible for IPP. *Id*. at ¶ 26. The *Howard* court observed that abduction could be committed under circumstances that place the victim in fear without any attempt of physical harm. In reversing the trial court's judgment, the *Howard* court explained:

> The record in the case before us is silent concerning the specific circumstances of the alleged crime, and the trial court did not mention the facts of the crime at the revocation hearing.
>
> \*   \*   \*
>
> In the case before us, the record does not contain any finding by the trial court "that gives reasons for its \* \* \* disapproval [of shock incarceration or an intensive program prison]." Nor does the record contain any other findings by the trial court that could be deemed to constitute its implied reasons for disapproval of either program.
>
> In short, the record reflects a complete failure by the trial court to have complied with the finding requirement of R.C. 2929.19(D). We are therefore unable to conclude that the trial court substantially complied with that requirement.

**{¶34}** We find *Howard* distinguishable from the case before us. Turner pleaded guilty and was convicted of first- and second-degree felonies, which made him automatically ineligible for IPP under R.C. 5120.032(B)(2). Moreover, the court commented at the sentencing hearing that at least one victim sustained serious physical harm. (Tr. 58.) As previously stated, offenders serving prison terms for first- or second-degree felonies or other felonies involving attempts to cause physical harm are ineligible for IPP. Therefore, despite Turner's argument to the contrary, the trial court provided appropriate reasons for disapproving of Turner's placement in an IPP.

**{¶35}** The third assignment of error is overruled.

**{¶36}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
ANITA LASTER MAYS, J., CONCUR