OPINION
{¶ 1} On May 17, 2005, the Knox County Grand Jury indicted appellant, Douglas Morris, on one count of driving while intoxicated in violation of R.C. 4511.19. On August 26, 2005, appellant pled guilty to the charge. By sentencing entry filed October 17, 2005, the trial court sentenced appellant to twenty-seven months in prison.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 3} "THE TRIAL COURT ERRED WHEN IT IMPROPERLY DENIED MR. MORRIS THE OPPORTUNITY FOR AN INTENSIVE PRISON PROGRAM PURSUANT TO R.C. 2929.19(D)."
 II {¶ 4} "THE TRIAL COURT ERRED WHEN IT FAILED TO STATE ITS REASON(S) FOR DENYING MR. MORRIS THE OPPORTUNITY FOR PLACEMENT IN AN INTENSIVE PRISON PROGRAM PURSUANT TO R.C. 2929.19(D)."
 III {¶ 5} "MR. MORRIS WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HE PLED GUILTY TO THE ONE COUNT OF THE INDICTMENT WHILE NOT FULLY UNDERSTANDING THE POSSIBLE PRISON SENTENCE."
 I, II {¶ 6} Appellant claims the trial court erred in denying him the opportunity for placement in an intensive prison program and in failing to state its reasons in the record for the denial pursuant to R.C. 2929.19(D). We disagree.
 {¶ 7} R.C. 2929.19(D) states the following:
 {¶ 8} "The sentencing court, pursuant to division (K) of section 2929.14 of the Revised Code, may recommend placement of the offender in a program of shock incarceration under section5120.031 of the Revised Code or an intensive program prison under section 5120.032 of the Revised Code, disapprove placement of the offender in a program or prison of that nature, or make no recommendation. If the court recommends or disapproves placement, it shall make a finding that gives its reasons for its recommendation or disapproval."
 {¶ 9} We have examined both the plea hearing and the sentencing hearing transcripts and find the trial court was explicit in its decision. During the plea hearing, the trial court explained all options to appellant and the sentence was deferred because both the trial court and appellant wanted a presentence investigation. During the sentencing hearing, the trial court specifically stated it would not consider an intensive prison program, and the transcript read as a whole establishes the specific reasons on the record. October 14, 2005 T. at 4-5, 7.
 {¶ 10} Upon review, we find the record, when read as a whole, is sufficient to meet the requirements of R.C. 2919.19(D).
 {¶ 11} Assignments of Error I and II are denied.
 III {¶ 12} Appellant claims he was denied the effective assistance of trial counsel. Specifically, appellant claims he was misinformed of the maximum sentence available. We disagree.
 {¶ 13} The standard this issue must be measured against is set out in State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 14} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984],466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 15} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 16} During appellant's plea hearing, the trial court specifically stated the following:
 {¶ 17} "I want you to understand that the penalty you face here today on the charge of driving while intoxicated, a felony of the 4th degree, is a basic prison term of not less than 6 months and not more than 30 months, of which 60 consecutive days of incarceration is mandatory and which may include incarceration in the county jail, a community based correctional facility, a halfway house or alternative residential facility." August 26, 2005 T. at 5.
 {¶ 18} When the trial court asked appellant if he understood his rights, appellant answer "yes" and "yes, I do." Id. at 6-8. A signed guilty plea also reaffirmed that appellant was informed of the maximum sentence. Nowhere in the record is there any mention of eighteen months as appellant claims he was told.
 {¶ 19} Even if his trial counsel misinformed appellant, it was harmless given the trial court's specific questions and appellant's affirmance of the questions.
 {¶ 20} Assignment of Error III is denied.
 {¶ 21} The judgment of the Court of Common Pleas of Knox County, Ohio is hereby affirmed.
By Farmer, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio is affirmed.