OPINION
{¶ 1} Appellant Billy Dee Jackson appeals his sentences on his multiple-count convictions in the Knox County Court of Common Pleas. The relevant facts leading to these appeals, which will be addressed jointly, are as follows.
 Knox County Common Pleas Case 05CR080110 {¶ 2} On August 2, 2005, appellant was indicted on one count of burglary, a felony of the third degree, and one count of receiving stolen property, a felony of the fourth degree. On October 4, 2005, appellant pled guilty to burglary. The State thereupon dismissed the charge of receiving stolen property. On November 17, 2005, a sentencing hearing was conducted. On November 18, 2005, the trial court sentenced appellant to three years in prison, with jail time credit of 114 days. Appellant was also ordered to make restitution. The court further ordered that "* * * this Defendant not be considered for any type ofIntensive Prison Program by the ORC." Sentencing Entry, November 18, 2005, emphasis in original.
 Knox County Common Pleas Case 05CR080114 {¶ 3} On August 2, 2005, appellant was indicted on (1) one count of theft, a felony of the fifth degree, (2) one count of misusing credit cards, a felony of the fourth degree, and (3) one count of forgery, a felony of the fifth degree. On October 4, 2005, appellant pled guilty to all three counts. On November 17, 2005, a sentencing hearing was conducted. On November 18, 2005, the trial court sentenced appellant eleven months on count one, eleven months on count two, and eleven months on count three. The sentences were ordered to be served concurrently with each other, and concurrently with the sentence imposed in case 05CR08110, supra. The court again ordered that "* * * this Defendant not be considered for any type of Intensive Prison Program by the ODRC." Sentencing Entry, November 18, 2005, emphasis in original.
 {¶ 4} Appellant filed notices of appeal for both cases on December 19, 2005. He herein raises the following three Assignments of Error:
 {¶ 5} "I. THE TRIAL COURT ERRED WHEN IT ARBITRARILY MODIFIED THE TERMS AND CONDITIONS OF MR. JACKSON'S SENTENCE IN THE SENTENCING ENTRY DATED NOVEMBER 18, 2005.
 {¶ 6} "II. THE TRIAL COURT ERRED WHEN IT FAILED TO STATE ITS REASON(S) FOR DENYING MR. JACKSON THE OPPORTUNITY FOR PLACEMENT IN AN INTENSIVE PRISON PROGRAM — PURSUANT TO R.C. 2919.19(D).
 {¶ 7} "III. THE TRIAL COURT ERRED WHEN IT FOUND THAT MR. JACKSON WAS ON PROBATION AT THE TIME THE FELONY OFFENSES WERE ALLEGEDLY COMMITTED AND THEN SUBSEQUENTLY VIEWED THAT FINDING TO JUSTIFY A TERM OF IMPRISONMENT THAT IS GREATER THAN THE MINIMUM MANDATORY SENTENCE."
 I. {¶ 8} In his First Assignment of Error, appellant contends the trial court erred by "modifying" the terms of his sentence. We disagree.
 {¶ 9} The gist of appellant's argument is that the sentencing entries in each case improperly add a provision denying him any intensive prison program (see R.C. 5120.032(A)), where the sentencing hearing transcripts are devoid of any statements by the trial judge that such a decision was reached. However, this issue was clearly before the court at the sentencing hearing, pursuant to a request by appellant. See Tr., November 17, 2005, at 10.
 {¶ 10} R.C. 2929.19(D) merely states in pertinent part that "[i]f the court recommends or disapproves placement, it shall make a finding that gives its reasons for its recommendation or disapproval." Appellant provides no caselaw support for his proposition that the finding denying an intensive prison program must be made at the sentencing hearing in order to be valid.
 {¶ 11} Appellant's First Assignment of Error is therefore overruled.
 II. {¶ 12} In his Second Assignment of Error, appellant contends the trial court erred by failing to state its reasons for denying him the opportunity for an intensive prison program. We disagree.
 {¶ 13} R.C. 2929.19(D) states as follows in its entirety: "The sentencing court, pursuant to division (K) of section2929.14 of the Revised Code, may recommend placement of the offender in a program of shock incarceration under section5120.031 of the Revised Code or an intensive program prison under section 5120.032 of the Revised Code, disapprove placement of the offender in a program or prison of that nature, or make no recommendation. If the court recommends or disapproves placement, it shall make a finding that gives its reasons for its recommendation or disapproval." In State v. Morris, Knox App. No. 05CA35, 2006-Ohio-3248, this Court addressed an identical assigned error. Upon review of the matter in that case, we concluded the record, "when read as a whole," was sufficient to meet the requirements of R.C. 2929.19(D). Id. at ¶ 10.
 {¶ 14} In the case sub judice, during the sentencing hearing, the trial court noted that Appellant has previously served a prison term and that Appellant has a history of criminal convictions. (Tr. at 6). The judge also expressed his view that the shortest prison term would demean the seriousness of Appellant's conduct. (Tr. at 7).
 {¶ 15} We thus find the record in this case, viewed in its entirety, provides sufficient reasons to support the court's denial of an intensive prison program, even if such reasons were also applicable to other sentencing requirements under R.C. Chapter 2929.
 {¶ 16} Appellant's Second Assignment of Error is overruled.
 III. {¶ 17} In his Third Assignment of Error, appellant challenges the trial court's finding that he was on probation at the time of the offense.
 {¶ 18} R.C. 2929.12 (A) requires a sentencing court to "* * * consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing." R.C.2929.12 (D)(1) requires a sentencing court to consider, as a factor indicating that the offender is likely to commit future crimes, whether "[a]t the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16,2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code."
 {¶ 19} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court found certain provisions of Ohio's sentencing statute unconstitutional, in light of Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, because said provisions required judicial factfinding to exceed the sentence allowed simply as a result of a conviction or plea.[1] However, the Court recognized in Foster that "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to "consider' the statutory factors." Foster at ¶ 42. "Therefore, post-Foster,
trial courts are still required to consider the general guidance factors contained in R.C. 2929.11 and R.C. 2929.12 in their sentencing decisions." State v. Diaz, Lorain App. No. 05CA008795, 2006-Ohio-3282, ¶ 8.
 {¶ 20} In the case sub judice, the trial court stated the following at the sentencing hearing: "The Court has further considered the recidivism factors of Revised Code Section 2929.12
and finds that at the time of committing the offense the Defendant was on probation to the Mount Vernon Municipal Court." Tr. at 6. We note appellant stated at his plea hearing that he was on probation for "driving under suspension * * * in Mount Vernon," and that his supervising probation officer was Robert O'Hara. Tr., October 4, 2005, at 6, 7.
 {¶ 21} Appellant now asserts that he was not actually under probation as of the date of the offenses as per R.C.2929.12(D)(1), and submits with his brief a purported copy of the pertinent judgment entry from the municipal court. Nonetheless, our review on appeal is limited to those materials in the record that were before the trial court. See, e.g., State v. DeMastry,155 Ohio App.3d 110, 119-120, 799 N.E.2d 229, 2003-Ohio-5588, citing State v. Ishmail (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500. We are therefore unable to consider the supplemental entry dehors the appellate record.
 {¶ 22} Appellant's Third Assignment of Error is overruled.
 {¶ 23} For the reasons stated in the foregoing opinion, the judgments of the Court of Common Pleas, Knox County, Ohio, are hereby affirmed.
By: Wise, P.J. Gwin, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgments of the Court of Common Pleas of Knox County, Ohio, are affirmed.
Costs to appellant.
[1] Appellant's briefs do not raise a clear Blakely
challenge. Moreover, although the present assigned error mentions appellant's more than minimum sentences, no reference is made to R.C. 2929.14(B). Hence, we restrict our analysis to his general challenge under R.C. 2929.12.