OPINION
{¶ 1} Appellant, Laurie L. Brown, appeals the judgment entry of the Trumbull County Court of Common Pleas.
 {¶ 2} Brown was indicted for count one, felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1) and (D); count two, burglary, a felony *Page 2 
of the second degree, in violation of R.C. 2911.12(A)(2) and (C); and count three, escape, a felony of the second degree in violation of R.C.2921.34(A)(1) and (C)(2)(a).[1]
 {¶ 3} Brown entered a plea of guilty on February 13, 2007 to an amended indictment of felonious assault and burglary. The state thereupon dismissed the charge of escape. During the same hearing, the trial court sentenced Brown to a term of three years in prison for each count, to be served concurrently, as well as mandatory post-release control for up to a maximum of three years. Further, in its entry on sentence, the trial court stated, "[t]he Court further disapproves of the Defendant's placement in a program of shock incarceration pursuant to R.C. 5120.031 or for placement in an intensive program prison pursuant to R.C. 5120.032."
 {¶ 4} Brown filed an objection to the sentencing judgment entry and subsequently filed an appeal.
 {¶ 5} The state moved to dismiss the appeal, asserting Brown was barred from filing an appeal of her sentence as it was a jointly-recommended sentence authorized by law and imposed by a sentencing judge, pursuant to R.C. 2953.08(D)(1). Brown filed a memorandum in opposition to the state's motion to dismiss the appeal. Thereafter, this court overruled the state's motion to dismiss the appeal.
 {¶ 6} Brown's sole assignment of error states: *Page 3 
 {¶ 7} "The trial court committed reversible error by including in the sentencing entry a sentencing term not expressed at the time of appellant's sentencing in the presence of the appellant."
 {¶ 8} The sentencing entry of the trial court stated, "[t]he Court further disapproves of the Defendant's placement in a program of shock incarceration pursuant to R.C. 5120.031 or for placement in an intensive program prison pursuant to R.C. 5120.032." Brown argues that since this language was included in the sentencing entry, but was not specifically expressed at the sentencing hearing, the trial court committed reversible error. We disagree.
 {¶ 9} First, this court must note that Brown is ineligible for both shock incarceration and intensive program prisons as set forth in R.C.5120.031 and R.C. 5120.032. Brown entered a plea of guilty to felonious assault, a violation of R.C. 2903.11(A)(1) and (D), and burglary, a violation of R.C. 2911.12(A)(2) and (C), both felonies of the second degree.
 {¶ 10} The criteria of R.C. 5120.032 specifically excludes the following inmates from the intensive program prisons:
 {¶ 11} "(B)(2) A prisoner who is in any of the following categories is not eligible to participate in an intensive program prison * * *:
 {¶ 12} "(a) The prisoner is serving a prison term for aggravated murder, murder, or a felony of the first or second degree * * *." (Emphasis added.)
 {¶ 13} Moreover, Brown is excluded from participation in shock incarceration. Under R.C. 5120.031(A)(4), an "`[eligible offender' means a person, other than one who is ineligible to participate in anintensive program prison under the criteria specified in *Page 4 section 5120.032 of the Revised Code, who has been convicted of or pleaded guilty to, and has been sentenced for, a felony." (Emphasis added.) Therefore, if an individual is ineligible under R.C. 5120.032
for intensive program prison, then the individual is also ineligible for shock incarceration under 5120.031.
 {¶ 14} The eligibility criteria for intensive program prison are reiterated in the companion section of Ohio Adm. Code 5120-11-03, which states, in pertinent part:
 {¶ 15} "(C)(2) * * * A prisoner who has been convicted of or pleaded guilty to, and has been sentenced for, a felony is eligible unless serving a prison term in any of the following categories:
 {¶ 16} "(a) Aggravated murder, murder, or a felony of the first orsecond degree * * *;
 {¶ 17} " * * *
 {¶ 18} "(c) A felony of the third, fourth, or fifth degree that either is a sex offense * * *, or an offense in which the prisoner caused orattempted to cause physical harm to a person, * * *." (Emphasis added.)
 {¶ 19} As previously stated, Brown pled guilty on two counts of felonies of the second degree. Additionally, as the record demonstrates, Brown "caused or attempted to cause physical harm to a person" when she repeatedly struck the victim in the head. Consequently, pursuant to the enumerated standards, Brown was ineligible for intensive program prison.
 {¶ 20} Further, Brown submits no authority to support her contention. In State v. Jackson, 5th Dist. Nos. 05 CA 46 and 05 CA 47,2006-Ohio-3994, at ¶ 9, the court determined whether the trial court erred when it added a provision denying the appellant *Page 5 
of any intensive prison program where the sentencing hearing transcripts were devoid of any statement by the trial judge that such a decision was reached. The Jackson Court overruled the appellant's argument stating:
 {¶ 21} "R.C. 2929.19(D) merely states in pertinent part that `(i)f the court recommends or disapproves placement, it shall make a finding that gives its reasons for its recommendation or disapproval.' Appellant provides no caselaw support for his proposition that the finding denying an intensive prison program must be made at the sentencing hearing in order to be valid." Id. at ¶ 10.
 {¶ 22} Based on the foregoing, the trial court did not commit "reversible error" in its disapproval of placing Brown in a program of shock incarceration or placement in an intensive program.
 {¶ 23} A review of the record fully indicates that Brown pled guilty to felonious assault and burglary, both felonies of the second degree. Consequently, Brown is ineligible for shock incarceration and intensive program prison, and her only assignment of error is without merit.
 {¶ 24} The judgment of the trial court is affirmed.
CYNTHIA WESTCOTT RICE, P.J., MARY JANE TRAPP, J., concur.
[1] While the indictment indicates Brown was charged with "aggravated" burglary in violation of R.C. 2911.12(A)(2) and (C), this code section pertains to burglary. The indictment, however, clearly described the offense of burglary in violation of R.C. 2911.12(A)(2), the trial court properly classified the charge as a second-degree felony, and Brown was sentenced accordingly. For purposes of this opinion, we will refer to the offense as burglary. *Page 1