[Cite as *State v. Swayne*, 2013-Ohio-3747.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case Nos. 12CA952 |
| | : | 12CA953 |
| Plaintiff-Appellee, | : | 12CA954 |
| | : | |
| v. | : | DECISION AND |
| | : | JUDGMENT ENTRY |
| JEREMIAH SWAYNE, | : | |
| | : | |
| Defendant-Appellant. | : | **RELEASED: 08/20/13** |

_____

APPEARANCES:

Timothy Young, Ohio Public Defender, and Kristopher A. Haines, Assistant State Public Defender, Columbus, Ohio, for appellant.

C. David Kelley, Adams County Prosecutor, and Kris D. Blanton, Adams County Assistant Prosecutor, West Union, Ohio, for appellee.

_____

Harsha, J.

{¶1}    After Jeremiah Swayne pleaded guilty to various charges in three cases, the trial court placed him on community control and later found he violated conditions of that sanction.  In consolidated appeals, he challenges the court's decision to revoke community control, impose prison terms, and disapprove his placement into an intensive program prison.  He contends the court violated his due process rights when it failed to issue a written statement of evidence it relied on and its reasons for revocation.  However, the court made oral statements that sufficiently informed Swayne of the reasons and provide an adequate record for appellate review.  Therefore, we reject this argument.

{¶2}    Swayne also asserts the court violated his due process rights when it revoked community control because the court did not act as a neutral and detached

decision maker.  Although some of the court's comments reflect displeasure with Swain's lifestyle, they do not rise to a level that negates the presumption that the court is unbiased and unprejudiced.

{¶3}    Swayne maintains the court erred when it disapproved his placement into an intensive program prison.  We agree.  Under R.C. 2929.19(D), the court must make a finding that gives its reasons for disapproval.  Here, the court failed to do so.  To this extent, the sentences are clearly and convincingly contrary to law.  We reverse the disapproval in each case and remand for resentencing on this issue.

{¶4}    Next, Swayne contends the court abused its discretion when it imposed excessive individual prison sentences.  However, he failed to show the court's decision was unreasonable, arbitrary, or unconscionable.

{¶5}    Swayne also argues the court erred when it imposed consecutive sentences because the harm caused by his three burglaries of the same home was not so great that no single prison term for any of the offenses adequately reflected the seriousness of his conduct.  We agree that nothing in the record supports the court's finding that Swayne caused great harm because he took a child's school clothes during one burglary.  However, the court also reasoned that Swayne caused great harm because he denied the home's occupants the security of being safe in their own home.  Although Swayne points out that feelings of lost security are common after burglaries, there inevitably must be a quantum diminution of sanctity when one's home is burglarized by the same perpetrator not once, but three times in a relatively short time span.  Therefore, we clearly and convincingly find the record supports the court's great harm finding.

{¶6}   Swayne also contends the court erred when it imposed consecutive sentences because they are not necessary to protect the public from future crime or to punish him and are disproportionate to the seriousness of his conduct and the danger he posed the public.  However, Swayne committed multiple crimes in a short time span, purportedly because of drug addiction.  He violated his community control by using multiple drugs again after he got treatment, putting the public at risk for another drug-induced crime spree.  Therefore, we clearly and convincingly find the record supports the court's findings.

## I.  Facts

{¶7}   In Adams County Common Pleas case 20100335, Swayne pleaded guilty to three counts of burglary.  In Adams County Common Pleas case 20100337, he pleaded guilty to trafficking drugs.  And in Adams County Common Pleas case 20100339, he pleaded guilty to theft.  In 2011, the court sentenced him to community control, placed him in the STAR Community Based Correctional Facility, and ordered him to complete a treatment plan in each case.  The court ordered him to pay restitution totaling $8,300.00 and do other things not relevant here.  The court told him any violation of his sentences would lead to a more restrictive sanction, longer sanction, or stated prison term.

{¶8}   In 2012, the State moved to revoke community control, alleging Swayne failed to report weekly as ordered and tested positive for and admitted to use of illegal drugs.  The court found he committed the violations and revoked community control.  In case number 20100335, the court imposed a three year sentence for each count and ordered him to serve the sentences consecutively.  The court imposed a six month

sentence in case number 20100337 and a one year sentence in case number 20100339.  The court ordered him to serve the sentences in case number 20100335 consecutive to the sentence in case number 20100339.  The court also ordered him to serve the sentences in case number 20100335 and case number 20100339 concurrent to his sentence in case number 20100337, for an aggregate 10 year sentence.  In each case the court denied placement into an intensive program prison.  This appeal followed.

## II.  Assignments of Error

{¶9}    Swayne assigns four errors for our review:

I.      The trial court improperly revoked Mr. Swayne's community control, in violation of Mr. Swayne's rights to due process under the Fourteenth Amendment of the United States Constitution, and Article I, Section 16 of the Ohio Constitution.  * * *

II.     The trial court abused its discretion when it imposed excessive individual prison sentences against Mr. Swayne, in violation of Ohio's sentencing provisions, and in violation of Mr. Swayne's Sixth and Fourteenth Amendment rights under the United States Constitution, and Article I, Sections 10 and 16 of the Ohio Constitution.  * * *

III.    The trial court committed reversible error when it imposed consecutive prison sentences against Mr. Swayne, in violation of Ohio's sentencing provisions, and in violation of Mr. Swayne's Sixth and Fourteenth Amendment rights under the United States Constitution, and Article I, Sections 10 and 16 of the Ohio Constitution.  * * *

IV.     The trial court committed reversible error when it failed to make a finding stating its reasons for denying Mr. Swayne's placement into an intensive program prison, in violation of Ohio's sentencing provisions, and in violation of Mr. Swayne's Sixth and Fourteenth Amendment rights under the United States Constitution, and Article I, Sections 10 and 16 of the Ohio Constitution.  * * *

## III.  Due Process and the Revocation of Community Control

**{¶10}** In his first assigned error, Swayne contends the trial court denied him due process during the revocation proceedings. This issue ordinarily presents a question of law that we review de novo. *See State v. Elkins*, 4th Dist. Hocking No. 07CA1, 2008-Ohio-674, ¶ 11-12. In *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the United States Supreme Court outlined certain minimum requirements of due process for parole revocation proceedings. These requirements also apply to probation revocation proceedings, *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and community control revocation proceedings. *Elkins* at ¶ 13. At the preliminary hearing, the offender is entitled to among other things, an independent decision-maker. *See Gagnon* at 786. At the final revocation hearing, minimum due process requirements include a neutral and detached decision maker and a written statement by the factfinder as to the evidence relied on and reasons for revoking community control. *See id.*

A. Written Statement Requirement

**{¶11}** Swayne does not argue insufficient evidence supports the court's findings that he violated community control. But he claims the court violated his due process rights because it did not issue a written statement of the evidence it relied on and its reasons for revoking community control. He failed to raise this issue below and forfeited all but plain error. *See* Crim.R. 52(B).

**{¶12}** "A silent defendant has the burden to satisfy the plain-error rule[,] and a reviewing court may consult the whole record when considering the effect of any error on substantial rights." *State v. Davis*, 4th Dist. Highland No. 06CA21, 2007-Ohio-3944, ¶ 22, citing *United States v. Vonn*, 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90

(2002). For us to find plain error: 1.) there must be an error, i.e., "a deviation from a legal rule"; 2.) the error must be plain, i.e., "an 'obvious' defect in the trial proceedings"; and 3.) the error must have affected "substantial rights," i.e., it must have affected the outcome of the proceedings. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). The Supreme Court of Ohio has "acknowledged the discretionary aspect of Crim.R. 52(B) by admonishing courts to notice plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *Id.*, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶13} "The written statement * * * helps to insure accurate factfinding with respect to any alleged violation and provides an adequate basis for review to determine if the decision rests on permissible grounds supported by the evidence." *Black v. Romano*, 471 U.S. 606, 613-614, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985). An oral statement by the court can satisfy this requirement if it sufficiently informs the accused of the reasons for revocation and provides an adequate record for appellate review. *State v. Norman*, 4th Dist. Scioto No. 00CA2736, 2001 WL 615332, *5 (May 25, 2001), citing *State v. Delaney*, 11 Ohio St.3d 231, 465 N.E.2d 72 (1984).

{¶14} At the final revocation hearing, Swayne's probation officer testified that the alleged violations occurred. Subsequently, the court stated:

> As submitted the court hereby finds that based upon the uncontroverted testimony that the defendant violated condition number 4 by failing to report to the probation officer as required on March 2nd, March 9th, March 16th, March 30th, all in the year of 2012, as well as April 27th and May 25th, again in the year 2012. Therefore, the defendant is in violation of condition number 4.
>
> Further, the court finds that defendant violated condition number 8 by

testing positive for THC, also admitting the utilization of White Rabbit and Black Magic Smoke as being abused which is a designed stimulant similar to bath salts with hallucinogenic reactions. That being the testimony again without challenge the court hereby finds that the defendant has violated condition number 8, the defendant's community control is hereby revoked.

**{¶15}** Because these statements sufficiently informed Swayne of the reasons for revocation and provide an adequate record for our review, we find no error in the court's failure to issue a written statement. In the absence of a deviation from a legal rule, there can be no plain error.

### B. Neutral and Detached Decision Maker Requirement

**{¶16}** Next, Swayne contends the court was not neutral and detached, i.e., it was biased. He failed to raise this issue below and again forfeited all but plain error. The term "biased or prejudiced," when used to refer to a judge before whom an action is pending, "implies a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts." *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). There is a presumption that a judge is unbiased and unprejudiced. *In re Disqualification of DeWine*, ___ Ohio St.3d ___, 2012-Ohio-6288, ¶ 14. The appearance of judicial bias or prejudice must be compelling to overcome it. *In re Disqualification of Olivito*, 74 Ohio St.3d 1261, 1263, 657 N.E.2d 1361 (1994).

**{¶17}** Swayne complains the court was "demonstrably concerned with [his] apparent association with another defendant, [his] apparent conception of a child with that person, [his] failure to pay restitution to the trial court's satisfaction, and the cost of

[his] drug treatment." (Appellant's Br. 8). At the probable cause hearing, the court asked Jeremy Caldwell, the probation officer, if Swayne paid any restitution. Swayne had not. The court noted he was not accused of violating community control for that reason but since he was working the court "figured certainly [he] could throw a penny toward [his victims] or a nickel or a dime." The court asked Caldwell if Swayne was with "the previous defendant," a Ms. Richendollar, when Caldwell "tested them all?" Caldwell said he was. After finding probable cause existed, the court stated that it "hereby finds that the record reflects that Mr. Swayne pursuant to sentencing was extended the opportunity to go to * * * STAR * * * at a cost of $12,000 to the taxpayers."

{¶18} In addition, after the court found Swayne violated community control at the final revocation hearing, Swayne's attorney told the court STAR had a relapse program. The court responded: "There have been similar cases we've just never had them come out after taxpayers paying $12,000, hook up with another convicted felon, create another baby that we're going to pay for because he doesn't have any money and then on designer drugs and not report." Presumably Ms. Richendollar is the "convicted felon" to whom the court referred. The court continued the case for sentencing but informed Swayne it would not have him assessed further for STAR.

{¶19} Although some of the court's comments reflect displeasure with Swain's lifestyle, we do not find they rise to a level that negates the presumption that the court was unbiased and unprejudiced. The statements do not demonstrate the court formed a fixed anticipatory judgment in this case, i.e., it decided to find Swayne committed the violations, revoke community control, and impose prison time before it heard any evidence. Some of the matters the court commented on are relevant considerations in

determining the sanction for a community control violation.  *See Gagnon*, 411 U.S. at 784, 93 S.Ct. 1756, 36 L.Ed.2d 656, fn. 8 (suggesting the offender's attitude toward the fulfillment of financial obligations and his personal associations are relevant considerations).

**{¶20}**  Swayne complains the court gave "little consideration" to his drug problem and the fact that he needed additional help.  He claims the court refused to consider more drug treatment because it was expensive and ignored the high cost of imprisonment.  However, the court's comments suggest it felt more treatment would be a waste of resources because Swayne did not take his first opportunity seriously.

**{¶21}**  Swayne also argues the court failed to consider whether his community control violations were significant enough to actually warrant revocation of community control.  He suggests the violations were not significant because they are commonly committed by offenders like him with drug addictions.  He highlights the fact that his prior record consists only of a misdemeanor traffic violation.

**{¶22}**  We disagree with the premise that a community control violation is insignificant just because it is typical or common.  And the fact that Swayne feels his violations and prior record did not warrant revocation does not prove bias or prejudice on the part of the court.  We overrule the first assigned error.

### IV.  Sentencing

**{¶23}**  In his other assigned errors, Swayne challenges his sentences.

### A.  Res Judicata

**{¶24}**  Initially, the State argues the doctrine of res judicata precludes Swayne's complaints about his prison terms.  If a party fails to timely appeal a final order, matters

that could have been reviewed on appeal become res judicata and cannot be reviewed in related or subsequent proceedings or appeals. *Parker v. Jamison*, 4th Dist. Scioto No. 02CA2857, 2003-Ohio-7295, ¶ 10. We review this issue de novo. *Beneficial Ohio, Inc. v. Parish*, 4th Dist. Ross No. 11CA3210, 2012-Ohio-1146, ¶ 11.

**{¶25}** The State contends Swayne should have filed a direct appeal of his prison sentences in 2011 when the court imposed community control. However, the court did not impose prison terms then – it simply notified Swayne a community control violation might lead to stated prison terms. R.C.2929.15(B)(1). After a community control violation, the court "conducts a second sentencing hearing" and sentences the offender "anew." *State v. Fraley,* 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17. "[A]ppeals challenging potential periods of incarceration for violation of community control sanctions are not ripe until an actual sentencing order imposes a prison term for the violation of community control sanctions." *State v. Wilis*, 5th Dist. Fairfield No. 05CA42, 2005-Ohio-6947, ¶ 20. Therefore, we reject the State's argument.

### B. Standard of Review

**{¶26}** Generally, when reviewing felony sentences we apply the two-step analysis announced by the Supreme Court of Ohio in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. First, we "must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If the sentence is not clearly and convincingly contrary to law, we must review the trial court's decision for an abuse of discretion. *Id.*

**{¶27}** However, with the enactment of Am.Sub.H.B. No. 86, effective September

30, 2011, the General Assembly has revived the requirement that trial courts make certain findings before imposing consecutive sentences. *See* R.C. 2929.14(C)(4). When reviewing those findings, we must apply R.C. 2953.08(G), which requires us to determine whether the court's findings are clearly and convincingly supported by the record. *See* R.C. 2953.08(G)(2)(a).

### C.  Clearly and Convincingly Contrary to Law

**{¶28}**  Swayne makes one claim we interpret as an argument that his sentences are clearly and convincingly contrary to law.  In his fourth assigned error, he contends the court erred when it failed to make a finding stating its reasons for disapproving his placement into an intensive program prison ("IPP"), in violation of constitutional provisions and Ohio's sentencing laws.  In his argument, Swayne only contends the court did not comply with R.C. 2929.19(D), so we limit our analysis to that statute.  *See* App.R. 16(A)(7).

**{¶29}**  R.C. 2929.19(D) states:

> The sentencing court * * * may recommend placement of the offender in * * * an intensive program prison under section 5120.032 of the Revised Code, disapprove placement of the offender in a program or prison of that nature, or make no recommendation. *If the court recommends or disapproves placement, it shall make a finding that gives its reasons for its recommendation or disapproval.*  (Emphasis added).

**{¶30}**  Swayne appears eligible for an IPP under R.C. 5120.032(B)(2), and the State does not argue otherwise.  But the court failed to make oral or written findings that give its reasons for disapproval of an IPP.  The State claims the sentencing transcript as a whole shows the reasons.  But "R.C. 2929.19(D) requires more than that reasons can be found in the record to support the * * * disapproval of the programs; the statute requires that the trial court, if it shall make a recommendation, must 'make a finding that

gives its reasons for its recommendation or disapproval.'" *State v. Allender,* 2d Dist. Montgomery No. 24864, 2012-Ohio-2963, ¶ 22, quoting R.C. 2929.19(D).  "This statutory requirement, imposed on the trial court, is not satisfied by an appellate court finding in the record reasons that the trial court could have given, or might have given, for disapproval." *Allender* at ¶ 22. *But see State v. Tucker,* 12th Dist. Butler No. CA2011-04-067, 2012-Ohio-50, ¶ 25 and *State v. Jackson,* 5th Dist. Knox Nos. 05CA46 & 05CA47,  2006-Ohio-3994, ¶ 13-15 (finding the record as a whole provided sufficient reasons for the trial court's disapproval of an IPP to comply with the findings requirement of R.C. 2929.19(D)).  Because disapproval of an IPP was clearly and convincingly contrary to law, we reverse it in each case and remand for resentencing on this issue.

{¶31}  Swayne cites no other failure of the trial court to comply with any "applicable rules and statutes," nor do we see any obvious violation of this requirement. Therefore, we find the rest of his sentences are not clearly and convincingly contrary to law.

### D.  Abuse of Discretion

{¶32}  In his second assigned error, Swayne argues the court abused its discretion when it imposed excessive individual prison sentences in violation of constitutional provisions and Ohio's sentencing laws.  However, Swayne again fails to discuss any constitutional provisions in his argument.  Because he limits his argument to Ohio's sentencing laws, we will do the same with our analysis.

{¶33}  The phrase abuse of discretion connotes an unreasonable, unconscionable, or arbitrary attitude on the part of the court.  *State v. Adams,* 62 Ohio

St.2d 151, 157, 404 N.E.2d 144 (1980). When applying the abuse of discretion standard, we are not free to merely substitute our judgment for that of the trial court. *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991).

**{¶34}** Swayne argues the imposition of prison time in his cases, especially maximum sentences for some crimes, does not fulfill the purposes of Ohio's felony sentencing scheme set forth by the General Assembly in R.C. 2929.11, which states:

> (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

> (B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

* * *

**{¶35}** Swayne contends his criminal history consists of a misdemeanor traffic violation. He claims that he began to use drugs in his teens and attributes his criminal behavior in these cases and community control violations to addiction. Swayne argues the court had no reason to incapacitate him to the extent it did. Future crime could be deterred if the court let him get additional drug treatment and seek work. Swayne argues any need to rehabilitate a "first-time-felon and decade-long substance abuser, would have best been effected through additional professional care." (Appellant's Br.

13). He highlights the fact that he was sober during court proceedings and completed STAR. (Appellant's Br. 13). He complains that by "dismissing" him from society for ten years, the court "thwarted the practical opportunity for [his] victims to be paid restitution." (Appellant's Br. 13). Swayne also complains that the court focused on the cost of treatment and ignored the cost of imprisonment. He states that "[q]uite simply, the trial court had other, better options." (Appellant's Br. 14).

{¶36} However, the fact that the court had other options does not mean its decision to impose prison terms was unreasonable, unconscionable, or arbitrary. The very essence of discretion is the power to choose among a range of available options. *See State v. Bashlor,* 9th Dist. Lorain Nos. 07CA009199 & 07CA009209, 2008-Ohio-997*, ¶* 21 (Slaby, J., concurring in part and dissenting in part). Although Swayne's prior criminal history was slight, he committed five felonies in a relatively short time span. The court already gave him one chance for treatment and evidently felt he squandered it. Based on this record, that conclusion is not unreasonable, nor is it arbitrary or unconscionable. At the sentencing hearing, the court noted he had to be re-enrolled in formerly completed STAR classes due to behavior issues. Upon completing STAR, he failed to report to his probation officer and used various drugs. By Swayne's own admission, addiction led to his crimes. The court could find that his failure to take recovery seriously meant additional drug treatment was a waste of resources and prison time was necessary to protect the public from another crime spree. Also, Swayne could have but failed to pay restitution while on community control despite the fact that he had a job. The court could find his incarceration would impede payments no more than Swayne's own lack of motivation.

{¶37} Swayne offers others reasons for how the court abused its discretion when it sentenced him for the burglary offenses.  He argues that when the court imposed community control, the maximum prison term for each offense was five years.  The court notified him that if he violated community control, it would at most sentence him to three years for each crime.  Before the court imposed the prison terms, the legislature amended the range of prison terms for third-degree felonies.  Swayne argues that under the current version of R.C. 2929.14, applicable to him under R.C. 1.58, the maximum sentence for each burglary changed to thirty-six months.  Ultimately, the trial court sentenced him to three year, maximum sentences, for each burglary.

{¶38} Swayne argues his burglary sentences must be excessive because the court previously intended to only impose mid-range sentences and instead has imposed maximum sentences.  In other words, the court should have imposed mid-range sentences based on the new statutory maximum.  Swayne argues the court improperly utilized the "sentencing package doctrine" the Supreme Court of Ohio rejected in *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824.  There the Court held that "a judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense."  *Saxon* at ¶ 9.  "Only after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively."  *Id.*  "[T]he judge lacks the authority to consider the offenses as a group and to impose only an omnibus sentence for the group of offenses."  *Id.*

{¶39} The mere fact that the stated prison terms the court notified Swayne of when it placed him on community control changed from mid-range to maximum terms

over the course of the proceedings does not mean the court abused its discretion when it sentenced Swayne.  Moreover, the court imposed separate prison terms for each burglary and then decided Swayne should serve those sentences consecutively.  The fact that that the court did not impose "mid-range" sentences does not establish improper use of the sentencing package doctrine and does not show the court handed out a "lump sentence to fulfill its notion of the overall purposes of felony sentencing." (Appellant's Br. 15).

**{¶40}**  In short, Swayne failed to show the court acted in an unreasonable, arbitrary, or unconscionable manner when it selected his prison terms.  He committed multiple felonies during a short time span, purportedly because of drug addiction.  After getting treatment, he failed to report to his probation officer and used multiple drugs. The court could reasonably find the circumstances warranted the prison terms imposed instead of a less restrictive sanction.  We overrule the second assignment of error.

### E.  Consecutive Sentences

**{¶41}**  In his third assigned error, Swayne contends the court erred when it imposed consecutive sentences in violation of constitutional and sentencing provisions. But, in his argument he again fails to discuss constitutional provisions.  He simply complains the court erred under R.C. 2929.14(C)(4), so we limit our analysis to that statute.

**{¶42}**  H.B. 86, which took effect on September 30, 2011 (before the court sentenced Swayne to prison), revived the requirement that trial courts make certain findings before imposing consecutive sentences.  The court must find consecutive sentences "necessary to protect the public from future crime or to punish the offender"

and "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C. 2929.14(C)(4). The court must also make one of three findings in R.C. 2929.14(C)(4)(a)-(c). Here, R.C. 2929.14(C)(4)(b) is at issue and requires a finding that: "At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."

**{¶43}** Swayne admits the court orally made the findings required by R.C. 2929.14(C)(4) at the sentencing hearing. But he argues the findings are not supported by the record. For him to succeed on appeal, we must clearly and convincingly find the record does not support the court's findings. R.C. 2953.08(G)(2)(a). Clear and convincing evidence is the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. *See State v. Eppinger*, 91 Ohio St.3d 158, 164, 743 N.E.2d 881 (2001).

**{¶44}** Although R.C. 2929.14(C)(4) does not require a sentencing court to give reasons for its findings, the court did so here. It found at least two of the multiple offenses were committed as part of a course of conduct because Swayne broke into the same home three times. The court reasoned the harm caused by two or more of the multiple offenses was so great that consecutive sentences were warranted because Swayne deprived "a small child of school clothing. And also invading the providence [sic] and denying them the security of being safe in their own home * * *."

**{¶45}** We agree nothing in the record supports the court's finding that Swayne

caused great harm because he took school clothes during one burglary. Swayne also argues, "[i]nvasion of privacy and feelings of lost security are involved in any burglary." (Appellant's Br. 18). While true, there inevitably must be a quantum leap in the loss of sanctity when one's home is burglarized by the same perpetrator not once, but three times in a relatively short time span. Although it would have been better for the court to provide more information, perhaps from victim impact statements, on the emotional effects Swayne's crimes had, it is not required as simple logic dictates the conclusion that great harm existed in this case. Moreover, we disagree with Swayne's contention that the harm he caused could not be great because according to the court, the burglary victim "just want[ed] his money back." (Appellant's Br. 18). Such a statement reflects nothing more than the victim's practicality – there is a chance Swayne might reimburse the victim financially, but he cannot return lost feelings of security. Therefore, we clearly and convincingly find the record does support a finding that the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of Swayne's conduct.

**{¶46}** Swayne also objects to the court's findings that consecutive sentences were necessary to protect the public from future crime or to punish the offender. He contends those findings are "identical to the overriding purposes of felony sentencing under R.C. 2929.11(A). For the reasons discussed above, neither maximum sentences, nor consecutive sentences, were necessary to reach those goals. And for those same reasons, consecutive sentences were disproportionate to the seriousness of Mr. Swayne's conduct and the danger that he posed to the public. *See* R.C.

2929.14(C)(1)."  (Appellant's Br. 18).

{¶47}  However, in Section IV.D., we already rejected Swayne's arguments in relation to his complaint about the individual sentences for his crimes.  And again, Swayne committed multiple felonies in a short time span, purportedly because of drug addiction.  Three of those felonies involved burglaries of the same home.  He got treatment but then failed to report to his probation officer and used multiple drugs, putting the public at risk for another drug-induced crime spree.  Based on these circumstances, we clearly and convincingly find the record supports the conclusion that consecutive sentences were necessary to protect the public or to punish Swayne for his conduct.  Moreover, we clearly and convincingly find the record supports the conclusion that consecutive sentences are not disproportionate to the seriousness of Swyane's conduct and the danger he posed to the public.  Accordingly, we overrule the third assigned error.

## V.  Summary

{¶48}  We overrule the first, second and third assignments of error.  We sustain the fourth assignment of error and remand for resentencing on the issue of an IPP.

JUDGMENT AFFIRMED IN PART,
REVERSED IN PART,
AND CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED IN PART, REVERSED IN PART and that the CAUSE IS REMANDED.  Appellant and Appellee shall split the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
    William H. Harsha, Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**